IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION



ALVIN RAY WILLIAMS  PETITIONER
ADOC NO. 106363

v.   No. PB-C- 99 473

LARRY NORRIS  RESPONDENT

PETITION FOR WRIT OF HABEAS CORPUS

Comes now the Petitioner, Alvin Ray Williams, and as cause for this petition, states:

I. INTRODUCTION

1. This is a Petition for a Writ of Habeas Corpus brought pursuant to 28 USC §2241 et seq and more particularly brought pursuant to 28 USC §2254 for relief from an illegal sentence and imprisonment by the State of Arkansas.

2. Petitioner is an inmate in the Arkansas Department of Corrections, Tucker Maximum Security Unit, and is thus a resident of the Eastern District of Arkansas.

3. Respondent, Larry Norris, is the director of the Arkansas Department of Corrections and is the individual responsible for the incarceration Petitioner. Norris is holding Petitioner in violation of the Constitution and laws of the United States as will be more particularly set out hereinbelow.

4. Petitioner has filed a direct appeal in the State courts of Arkansas which appeal was denied.

5. Petitioner subsequently filed a Petition for post conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure which was likewise denied. In addition, the right of Petitioner under the Fourteenth Amendment to fundamental fairness, to Due Process of Law and to Equal Protection of the laws was abridged by the manner in which the Rule 37 Petition was considered and Petitioner was not given a full and fair opportunity to litigate and to present a factual and legal basis for same.

6. The mandate of the Arkansas Supreme Court affirming the denial of Rule 37 relief was entered on or about December 29, 1998; the petition is thus timely filed.

7. This Court has subject matter jurisdiction as well as jurisdiction over the parties, once proper service has been made.

8. Venue is appropriately in the Eastern District of Arkansas.

## II. FACTUAL PREDICATES

9. Alvin Ray Williams was convicted of First Degree Murder and sentenced to a term of life imprisonment in the Arkansas Department of Corrections. This conviction was subsequently affirmed by the Arkansas Supreme Court. Williams v. State, 325 Ark 432, 930 SW2d 297 (1996)

10. The Rules of the Arkansas Supreme Court require that any appellant to that tribunal or the Arkansas Court of Appeals, whether civil or criminal, indigent or otherwise, prepare an abstract of record, in first person, of all portions of the record, including exhibits, for presentation to the Court in a condensed form. Ark Sup Ct. Rule 4-2. The said Rule requires that the transcript be edited and typed--not photocopied or quoted verbatim--a process that is both time consuming and onerous for the defendant of limited means. Deficiency of the abstract is grounds for affirmance without review on the merits. Haynes v. State, 313 Ark 89, 847 SW2d 37 (1993).

Every reasonably well informed attorney practicing before the Arkansas Supreme Court has notice of this requirement. However, the abstract in this case was adjudged "flagrantly deficient" by the Arkansas Supreme Court and the appeal was saved only by the State abstracting the record. Williams *supra* at 436. Although the State did abstract certain matters relating to the need for directed verdict, other issues were not addressed, either by proper objection or by proper abstracting. Moreover, a number of Petitioner's arguments were not addressed by the Court on direct appeal due to their being unsupported by either authority or convincing argument. Although sentencing was mentioned, there was no abstract of the sentencing phase which precluded the Arkansas Supreme Court from considering the justice of the sentence.

11. Petitioner was entitled to effective assistance of counsel at trial and on a first direct appeal as of right. Evitts v. Lucey, 469 US 387 (1985); Estes v. United States, 883 F2d 645 (8th Cir. 1985).

12. Petitioner filed a Rule 37 petition for post conviction relief relating to the failure of trial counsel to properly raise the sufficiency issues, having raised only general objections on the motion for directed verdict and for J.N.O.V.

13. Petitioner raised issues of the zeal with which Petitioner's case was pressed in the trial court, where the evidence was said to be so overwhelming in his behalf that a properly presented claim would have resulted in a differing verdict.

14. In Arkansas there is a bifurcated procedure for findings of guilt and for sentencing by the jury. Petitioner had a right to present evidence in mitigation of the finding of guilt at the sentencing portion. Trial counsel was unprepared to present such evidence, including, but not necessarily limited to, a childhood that was troubled and involved abuse/neglect, and did not do

so, resulting in a harsher sentence by the jury that Petitioner would have received otherwise. No facts in mitigation were effectively conveyed. As no such record was made, these considerations evaded review. See Rule 4-3(h) and Ark Code Ann §16-91-113(a). The conduct of trial counsel fell well below the performance expected of a zealous, well-informed trial advocate in this instance and Petitioner was prejudiced thereby, resulting in conviction and in a much harsher sentence that the facts would have otherwise warranted. See Strickland v. Washington, 466 US 668 (1983).

15. Petitioner was forced to proceed pro se on his petition for Rule 37 relief alleging violation of his rights under the Sixth and Fourteenth Amendments of the Constitution of the United States. Counsel was not appointed to assist with this matter.

16. The Circuit Court, in clear violation of Rule 37.3(a) of the Arkansas Rules of Criminal Procedure failed and refused either hold a hearing or to issue written findings of fact, stating in a two sentence opinion only that the Petition was wholly without merit. Other similarly situated persons have had their denials of relief reversed for the failure to make findings of fact. Bohanon v. State, 327 Ark 507, 939 SW2d 507 (1997). The Arkansas Supreme Court has heretofore required a complete and accurate record in Rule 37 cases. See Chavis v. State, 328 Ark 251(1997); Dodson v. State, 326 Ark 637 (1996). In all other instances, trial courts wishing to dispense with either a hearing or written findings of fact have been required to show conclusively that no set of facts could be adduced that would cause the granting of relief. Id. But the Arkansas Supreme Court, in a per curiam decision, affirmed, thereby making a distinction between Petitioner and other similarly situated individuals that was without rational basis and a violation of his rights under the Fourteenth Amendment.

17. Preservation of error in the instance case is of extreme importance in that Petitioner is of a special class of persons, to wit, those sentenced to life imprisonment without parole. Ark. Sup. Court Rule 4-3(h), insofar as it purports to require objections be noted where fundamental rights are concerned, and such rules of the Arkansas Supreme Court as to allow matters not abstracted to be not considered, are a violation of the Sixth and Fourteenth Amendment rights of Petitioner and are unconstitutional as applied.

18. Under the special circumstances of a sentence involving life imprisonment without parole, Petitioner's right to fundamental fairness and equal protection of the laws, under the Fourteenth Amendment, was abridged by the failure of the Arkansas Courts to appoint counsel.

WHEREFORE, Petitioner prays that he be given a hearing to fully develop the record and that his petition for habeas corpus be granted.

Respectfully submitted,

*Rickey H. Hicks*
Rickey H. Hicks
MAYS, BYRD & HICKS, P.A.
415 Main Place
Little Rock, AR. 72201
(501) 372-6303
Ar Bar No. 89235