IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED

| | | |
|---|---|---|
| ALVIN RAY WILLIAMS<br>ADC NO. 106363<br>V. | PB-C-99-473 | PETITIONER |
| LARRY NORRIS | | RESPONDENT |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Comes now the respondent, Larry Norris, by and through counsel, Mark Pryor, Attorney General, and Joseph V. Svoboda, Assistant Attorney General, and for his response to the Petition for Writ of Habeas Corpus, states:

## I.
## PROCEDURAL HISTORY

On November 9, 1994, Petitioner, Alvin Ray Williams, was found guilty, following a jury trial, of first degree murder in the Pulaski County Circuit Court (Case No. CR94-1676). As a result, Petitioner was sentenced to life imprisonment in the Arkansas Department of Correction. A copy of his Judgment and Commitment Order is attached as **Respondent's Exhibit 1**.

Petitioner pursued a direct appeal to the Arkansas Supreme Court. For reversal, he argued the following grounds:

    (1)    The evidence was insufficient to convict of murder in the first degree, and

    (2)    The trial court erred in denying Petitioner's Motion to Hold Act 535 of 1993, as codified as Ark. Code Ann. §5-4-103 and 16-97-101, unconstitutional.

The Arkansas Supreme Court affirmed in its Opinion dated September 9, 1996 in Williams v. State, 325 Ark. 432, 930 S.W.2d 97 (1996). A copy of the opinion is attached as **Respondent's Exhibit 2**. Petitioner was represented at trial and on direct appeal by Attorney Ed Webb.

On November 8, 1996, Petitioner filed a petition for post-conviction relief under Ark. Rule Crim. P. 37. In that petition he alleged that he was denied the effective assistance of counsel because Attorney Webb failed to argue his Motion for Directed Verdict to show that the evidence was insufficient to convict him of first degree murder. A copy of that petition is attached as **Respondent's Exhibit 3**. The circuit court denied the petition without a hearing.

Petitioner then filed an appeal, through Attorney Rickey H. Hicks, in which the following two grounds were raised:

    (1)    The circuit court's holding was erroneous on its face and it did not contain any findings of fact or conclusions of law as required by Rule 37(a) of the Arkansas Rules of Criminal Procedure and

    (2)    Summary disposition of claims of ineffective assistance of counsel on post-conviction proceedings are not appropriate as counsel should have been appointed to pursue the Rule 37 Petition.

In an opinion not designated for publication dated September 10, 1998, the Arkansas Supreme Court affirmed the denial of post-conviction relief in Williams v. State, Case No. 97-1020. A copy of that opinion is attached as **Respondent's Exhibit 4**.

Respondent admits that Petitioner is in his custody and that he has no non-exhausted and nonfutile state remedies available to him. Respondent denies, however, that the Petitioner is entitled to any relief on the claims raised in his petition and specifically denies each and every material allegation and statement contained in the petition which is not expressly admitted in this response.

## II.
## CURRENT HABEAS PETITION

On December 13, 1999, Petitioner, through Attorney Hicks, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 in which he raises the following grounds for relief:

> GROUND ONE:   Trial Counsel was ineffective in preparing Petitioner's direct appeal brief;
>
> GROUND TWO:   Trial Counsel was ineffective in not presenting mitigation evidence in the sentencing phase of Petitioner's bifurcated trial;
>
> GROUND THREE: Petitioner was denied the right to appointment of counsel to assist in post-conviction proceedings, and
>
> GROUND FOUR:  The circuit court erred in not holding a hearing or issuing comprehensive findings of fact and conclusions of law when it denied Petitioner's Rule 37 petition.

In support of Ground One, Petitioner claims that a number of his arguments were not addressed by the Arkansas Supreme Court due to counsel not supporting the arguments either with authority or convincing argument and counsel did not prepare an abstract of the sentencing phase which precluded the appellant court from considering the justice of

the sentence. In support of Ground Two, Petitioner claims trial counsel should have presented evidence of his troubled childhood, which involved abuse/neglect and the failure to do so resulted in a harsher sentence by the jury than he would have received had this evidence been presented. In support of Ground Three, Petition merely states that he was forced to proceed pro se on his Petition for Rule 37 Relief and that violates his rights under the Sixth and Fourteenth Amendments of the United States Constitution. Finally, in Ground Four, Petitioner argues the circuit court violated the rule of either holding a hearing on a Rule 37 or issuing written findings of fact and conclusions of law, an error which was compounded when the Arkansas Supreme Court affirmed which thus makes a distinction between Petitioner and other individuals.

### III.
### PRELIMINARY RESPONSE

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petition for federal habeas corpus relief under 28 U.S.C. §2254 must be filed within one year of one of four (4) triggering dates under §2244(d)(A)-(D), less the time a properly filed post-conviction application is pending in state court under §2244(d)(2).

Petitioner's direct appeal was decided on September 9, 1996 (See, Resp. Exh. 2), with the mandate being issued on September 27, 1996. Petitioner signed his Rule 37 Petition for Post Conviction Relief on November 6, 1996, so he had used forty days of his one year period at that point. The period from November 6, 1996, to December 29, 1998 (the date the Arkansas Supreme Court issued its mandate in the post-conviction appeal) would not count toward the one year statute of limitation. However, the period from

December 29, 1998, to December 13, 1999 [the date he filed his habeas petition], when combined with the forty days counted before the filing of the post-conviction petition, would exceed one year. Thus, Respondent submits the court cannot consider the claims contained in this untimely petition.

Even if the petition was not barred under the Statute of Limitation, Petitioner has shown no entitlement to relief on any of his four claims. Despite his claim of deficient performance on trial counsel's part in the preparation and manner of argument of claims associated with his direct appeal, Petitioner's claim of the sufficiency of the evidence was addressed and decided on the merits by the Arkansas Supreme Court. So were most of the various claims attacking the constitutionality of Act 535 of the 1993 Acts of Arkansas. (See, Resp. Exh. 2). It is true some of the claims relative to Act 535 were advanced without convincing arguments and/or authorities and as a result the Supreme Court refused to address these claims. However, even if that constitutes deficient conduct on counsel's part, Petitioner has not shown any prejudice. Not only has he not even bothered to identify which of these various claims concerning Act 535 have merit, he has not shown how they could and should have been presented so as to change the outcome of this trial. In view of the abundance of sufficient evidence of his guilt, confirmed by the Arkansas Supreme Court's findings in his direct appeal, any error committed by counsel relative to Act 535 would be harmless in any event.

In Ground Two, Petitioner contends counsel was ineffective for not presenting mitigation evidence in the sentencing phase of his trial. Evidence which he says would show that he had a neglected and abused childhood. This specific claim was not raised

by Petitioner in his post-conviction proceeding. (See, Resp. Exh. 3). Due to this procedural default this court cannot reach this claim. Pollard v. Armontrout, 16 F.3d 295 (8th Cir. 1994).

Even if Petitioner could overcome his procedural default bar, his trial reflects trial counsel put on two witnesses on behalf of the Petitioner during the sentencing phase of his trial. The first was his wife, Beverly Williams, and the second was his aunt, Carolyn Williams. Trial counsel also wanted to call Roy Allison, but Petitioner did not want him called. (See, Resp. Exh. 5). It is obvious from those efforts that trial counsel did make an effort to put mitigating evidence before the jury.

Petitioner's third claim is simply that Petitioner was denied the right to the appointment of counsel to assist him in state post-conviction proceedings. He is not entitled to any such right and therefore certainly cannot prevail on this argument. McClesky v. Zant, 499 U.S. 467, 494 (1991), Pollard v. Delo, 28 Fed.3d 887, 888 (8th Cir.) cert denied, 115 Supreme Court 518 (1994).

Petitioner also is not entitled to any relief on his fourth ground in which he attacks the method in which the circuit court denied post-conviction relief, i.e., without a hearing or specific findings of fact. Those two claims were presented to the Arkansas Supreme Court in the Appeal from the denial of post-conviction relief. (See, Resp. Exh. 4). The Arkansas Supreme Court made a finding that Petitioner was not entitled to relief despite the circuit court's omission of written findings because based on the record and the Court's previous opinion on direct appeal, that it was "conclusively shown that the petition is without merit." (See, Resp. Exh. 4).

When determining whether to grant habeas relief, a federal court's review is limited to examining whether the conviction violated United States law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Determinations of state law are binding. <u>See</u>, <u>Frey v. Leapley</u>, 931 Fed.2d 1253, 1254 (8th Cir. 1991). Petitioner has not shown that federal law, as determined by the United States Supreme Court, requires written findings by state courts or that the Arkansas Supreme Court's decision was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding. Without one of the foregoing showings, Petitioner cannot receive relief on this claim since it was adjudicated on the merits in the state court proceeding. <u>See</u>, §2254(d)(1)-(2) (1996). Here, the Arkansas Supreme has made a factual finding and legal finding which are conclusive and presumed correct. This presumption of correctness requires that a federal court more than simply disagree with the state court before rejecting its factual determinations. It must conclude the state court's findings lack even fair support in the record. <u>See</u>, <u>Weisberg v. Minnesota</u>, 29 Fed.3d 1271 (8th Cir. 1994). A habeas petition must overcome the presumption of correctness by clear and convincing evidence. §2254(d) & (e)(1). Respondent contends that Petitioner has failed to meet that burden on this point.

WHEREFORE, for the reasons stated herein, Respondent respectfully submits that this Petition should be dismissed without a hearing pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Court.

Respectfully submitted,

MARK PRYOR
Attorney General

By: _____
JOSEPH V. SVOBODA
Arkansas Bar No. 74144
Assistant Attorney General
200 Catlett-Prien Tower Building
323 Center Street
Little Rock, Arkansas 72201-2610
(501) 682-8058

ATTORNEYS FOR RESPONDENT

CERTIFICATE OF SERVICE

I, Joseph V. Svoboda, Assistant Attorney General, do hereby certify that I have served the foregoing document by mailing a copy of same by U.S. Mail, postage prepaid, this 25th day of January, 2000, to Rickey H. Hicks, Attorney at Law, 415 Main Place, Little Rock, Arkansas 72201.

By: _____
JOSEPH V. SVOBODA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# Exhibits Attached to Original Document in Court's Case File