

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 30 2001

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALVIN RAY WILLIAMS,                                         PETITIONER

5:99CV00473JFF

LARRY NORRIS, Director,
Arkansas Department of Correction,                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Before the court is Alvin Ray Williams' petition for writ of *habeas corpus*. On November 9, 1994, a jury convicted petitioner of first degree murder in the Pulaski County Circuit Court. Petitioner was sentenced to life imprisonment in the Arkansas Department of Correction.

Petitioner filed a direct appeal in the Arkansas Supreme Court alleging the following grounds for relief:

(1) The evidence was insufficient to support a conviction; and

(2) The trial court erred by not holding Ark. Code Ann. §5-4-103 unconstitutional.

Finding no error, the Court affirmed petitioner's conviction. Williams v. State, 325 Ark. 432, 930 S.W.2d 97 (1996).

On November 8, 1996, petitioner filed a motion for post conviction relief pursuant to Rule 37. Ark. R. Crim. P. 37. The circuit court denied petitioner's petition without a hearing.

Petitioner appealed the circuit court's decision to the Arkansas Supreme Court. The Supreme

Court affirmed the circuit court's decision. Williams v. State, Case No. CR97-1020 (unpublished).

On October 14, 1999, petitioner, with the assistance of counsel, filed his petition for writ o *habeas corpus* in this court alleging the following grounds for relief:

(1) Ineffective assistance of counsel at trial and on appeal; and

(2) Ineffective assistance of counsel at trial for not presenting mitigating evidence during sentencing; and

(3) He was denied appointment of counsel to assist in post-conviction proceedings; and

(4) The circuit court incorrectly decided petitioner's Rule 37 motion.

## Statute of Limitations

The respondent contends that, because petitioner failed to timely file his petition, pursuant to 28 U.S.C. § 2244(d), his petition should be dismissed. On April 24, 1996, significant amendments to federal *habeas* law became part of the "Antiterrorism and Effective Death Penalty Act of 1996." Pub. L. No 104-132, 110 Stat. 1214. Section 101 of the Act amended 28 U.S.C. § 2244 by adding a new subsection, subsection (d), that places a one-year period of limitation on the filing of *habeas* petitions by state prisoners.[1] The Act also amended 28 U.S.C. § 2255 to include a one-year period of limitation

---

[1] Subsection (d) now provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

for § 2255 petitioners.[2] There was no corresponding time limitation under prior § 2254 or § 2255 law

This issue hinges on whether the forty days from the date the Arkansas Supreme Court issued the mandate to the date petitioner moved for relief pursuant to Rule 37. Although it appears that this exact issue has not been decided by the United States Court of Appeals for the Eighth Circuit, they have provided sufficient guidance for a proper adjudication of this issue. Eighth Circuit holdings in Mills v Norris, 187 F.3d. 881 (8th Cir. 1999), and Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000)

---

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] Section 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

-3-

lead this court to conclude that during the time allotted to properly file a petition as specified by the rule of procedure, state court post-conviction proceedings should be considered "pending" and should toll the AEDPA's one-year limitations period for filing a *habeas* petition.

Petitioner was allowed sixty (60) days from the date the mandate was issued by the Arkansas Supreme Court to file his Rule 37 motion in the circuit court. Ark.R.Crim.P. 37.2(c). Petitioner should not be penalized for following the state procedures to properly exhaust his claims before filing a petition for writ of *habeas corpus*. To hold otherwise would be unduly harsh and contrary to the principles of *habeas* law [3]. Accordingly, the court finds that respondent's argument that petitioner's petition is time barred is unpersuasive in this case.

Merits of Petitioner's Claims/Procedural Default

Petitioner has advanced four claims in his petition for writ of *habeas corpus*. Three claims were already addressed on the merits by the state courts and one claim was neither raised during his direct appeal nor his post-conviction proceedings.

*Claim 1.*

Petitioner alleges that counsel was ineffective at trial and in preparing his direct appeal. This claim was already addressed on the merits by the circuit court and the Arkansas Supreme court in petitioner's Rule 37 proceedings. This court may not grant a petition under 28 U.S.C. § 2254 without a conclusion that the state court adjudication of the claim "resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the [United

---

[3]Although petitioner prevails on this issue given these facts, such tolling is not applicable in all circumstances. For example, if a petitioner fails to properly file for relief within those sixty days, those days, although available, were never used and would not be toled.

States] Supreme Court ... or ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," see 28 U.S.C. §§ 2254(d) see also Williams v. Taylor, 529 U.S. 362, ___-___, 120 S.Ct. 1495, 1518-23, 146 L.Ed.2d 389 (2000)

In reviewing a state conviction, a federal court also presumes that the state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. See 28 U.S.C. §§ 2254(e)(1). This court cannot review these claims absent a showing that the Arkansas Supreme Court's decision was based on an unreasonable application of clearly established Federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has made no such showing nor presented any evidence to support such a finding.

Although the Arkansas Supreme Court noted that petitioner's "abstract [was] flagrantly deficient because it [did] not include the motions for directed verdict and [did] not indicate in any manner that the motions were made, [citation omitted], the state cured this deficiency by including the motions in its supplemental abstract." Williams v. State, 325 Ark. 432, 436 (1996). The Court went on to thoroughly evaluate petitioner's claims. Thus, as evident through the Court's statement above, counsel's deficient abstracting did not prejudice him.

Moreover, petitioner's conclusory statements fail to support an allegation that the Arkansas Supreme Court's decision was unreasonable. 28 U.S.C. §2254(d). This court has carefully reviewed the decisions of the Arkansas Supreme Court that the respondent has attached as exhibits. Upon review of these decisions, it is clear that the Court made every effort to thoroughly review petitioner's valid claims and render a just and proper decision.

*Claim 2.*

Petitioner next contends that counsel was ineffective for failing to present mitigating evidence during the sentencing phase of his conviction. This issue was never raised in any of the state court proceedings.

"[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." Wainwright v. Sykes, 433 U.S. 72, 81 (1977). A "habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971)). To "fairly present" his claim, a petitioner must present the same facts and legal theories to the state court that he later presents to the federal courts. Jerrison, 20 F.3d at 854. "This allows the state court to apply the controlling legal principles to the facts that constitute the federal claim." Id.; Rust v. Hopkins, 984 F.2d 1486, 1491 (8th Cir.), cert. denied, 508 U.S. 967, 113 S.Ct. 2950 (1993). "The federal legal theory or theories must plainly appear on the face of the petitioner's state-court briefs." Id. at 854-56 (holding that petitioner failed to fairly apprise the state court of his federal claim because he did not refer to or rely on federal law in his appellate brief); McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991) (explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court); Thomas v. Wyrick, 622 F.2d 411, 413 (8th Cir. 1980), cert. denied, 459 U.S. 1175 (1983) (holding that petitioner failed to present federal claim to state courts because state-court brief did not cite any provision of the Federal Constitution or to any federal case). See also Duncan v. Henry, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law

guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court") To "fairly present" the legal premises of a federal *habeas corpus* claim, a petitioner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case or a state case raising a pertinent federal constitutional issue" in state court. Abdullah, 75 F.3d at 412 (quoting Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993)).

If a petitioner has procedurally defaulted his claim, he can obtain review if he shows cause for his default in state court and actual prejudice as a result of the constitutional violation. Wainwright v. Sykes, 433 U.S. at 88-90.  Where a prisoner defaults his entire appeal, the cause and prejudice standard applies. Coleman v. Thompson, 501 U.S. 722, 729, 750 (1991) (overruling Fay v. Noia, 372 U.S. 391 (1963)).

The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), would constitute factors external to the defense and cause for a procedural default. Coleman v. Thompson, 501 U.S. at 753.  Attorney ignorance or inadvertence is not cause because the attorney is the petitioner's agent in the litigation, and the petitioner must bear the risk of attorney error that results in default. Id. Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. Id. at 757; Morris v. Norris, 83 F.3d 268, 270 (8th Cir.

1996). Limited educational background, *pro se* status, illiteracy, and below average intelligence are no objective factors external to the defense and therefore cannot constitute cause for a procedural default Stanley v. Lockhart, 941 F.2d 707, 709-710 (8th Cir. 1991) (limited educational background and pro se status); Henderson v. Cohn, 919 F.2d 1270, 1273 (7th Cir. 1990) (illiteracy); Smith v. Newsome, 876 F.2d 1461, 1465-66 (11th Cir. 1989) (illiteracy); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy); Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992) (below average intelligence).

Petitioner has cited that his counsel failed to bring to light potential mitigating circumstances during his sentencing. As noted above, these claims simply fail to support a finding of either cause o prejudice[4]. Thus, petitioner fails to meet the cause and prejudice standard and federal review of his claims are barred. Coleman v. Thompson, at 747-750.

A narrow exception to the cause and prejudice standard exists where the petitioner can show tha "a constitutional violation has probably resulted in the conviction of one who is actually innocent.' Murray v. Carrier, 477 U.S. at 496. To meet the actual innocence standard, a petitioner must presen new reliable evidence not presented at trial and demonstrate that "it is more likely than not that no reasonable juror would have found" him "guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S 298, 324, 327 (1995); Wyldes v. Hundley, 69 F.3d 247, 254 (8th Cir. 1995), cert. denied, 517 U.S 1172, 116 S.Ct. 1578 (1996); Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161, 116 S.Ct. 1049 (1996). "[E]vidence is new only if it was unavailable at trial and could not

---

[4] Although this claim is procedurally barred, respondent notes that petitioner's counsel did have two witnesses testify on petitioner's behalf and that one witness was not called to testify at petitioner's request.

-8-

have been discovered earlier through the exercise of due diligence." Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997).

In Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995), the United States Supreme Court reaffirmed the principle that "habeas corpus is, at its core, an equitable remedy." Schlup, 513 U.S. at 319, 115 S.Ct. 851. Given this basic principle, the Supreme Court has long recognized the duty of a district court to adjudicate procedurally defaulted *habeas* claims when failure to do so would result in a "fundamental miscarriage of justice." Id., at 320-21, 115 S.Ct. 851 (citing Sawyer v. Whitley, 505 U.S. 333, 339-340, 112 S.Ct. 2514 (1992); McCleskey v. Zant, 499 U.S. 467, 495, 111 S.Ct. 1454 (1991); Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661 (1986); Murray v. Carrier, 477 U.S. 478, 495-96, 106 S.Ct. 2678 (1986); Kuhlmann v. Wilson, 477 U.S. 436, 452, 106 S.Ct. 2616 (1986); Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558 (1982)).

"To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, th[e] [Supreme] Court explicitly tied the miscarriage of justice exception to the petitioner's innocence." Schlup, 513 U.S. at 321, 115 S.Ct. 851 (citing Kuhlmann, 477 U.S. at 452, 106 S.Ct. 2616; Carrier, 477 U.S. at 496, 106 S.Ct. 2678). "Explicitly tying the miscarriage of justice exception to innocence thus accommodates both the systemic interests in finality, comity, and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'" Schlup, at 322, 115 S.Ct. at 851.

In Schlup, the Supreme Court established the standard of federal review of procedurally defaulted constitutional claims only in those cases where the petitioner has shown that a " 'constitutional

violation has probably resulted in the conviction of one who is actually innocent.' " Schlup, 513 U.S. at 327, 115 S.Ct. 851 (quoting Carrier, 477 U.S. at 496, 106 S.Ct. 2678). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Id., at 324, 115 S.Ct. 851. A petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." Id., at 327, 115 S.Ct. 851. Petitioner can meet this Schlup burden if he presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the Court is also satisfied that the trial was free of nonharmless constitutional error." Id., at 316, 115 S.Ct. 851. Accordingly, an actual innocence claim under Schlup is " 'not itself a constitutional claim but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim[s] considered on the merits.' " Schlup, 513 U.S. at 315, 115 S.Ct. 851 (quoting Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853 (1993)).

The Supreme Court in Schlup explained that the gateway is intended to "focus the inquiry on actual innocence," rather than legal innocence. Id., at 327, 115 S.Ct. 851. See also, Calderon v. Thompson, 523 U.S. 538, 118 S.Ct. 1489, 1503 (1998) (" '[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.' ") (quoting Sawyer, 505 U.S. at 339, 112 S.Ct. 2514). Here, petitioner makes arguments of "legal innocence" in his petition for writ of *habeas corpus*. He has not presented any evidence showing "actual innocence" which is necessary to overcome the procedural bars in this case. For petitioner to prevail in this circumstance he must provide evidence of <u>actual innocence</u> to provide the "gateway through which a habeas petitioner must pass to have his

otherwise barred constitutional claim[s] considered on the merits.' " Schlup, at 315, 115 S.Ct. at 851. This he has not done.

Petitioner has made no showing of actual innocence. To the contrary the evidence submitted in this case shows that petitioner committed the crime for which he was accused. Hence, petitioner's claim is procedurally barred.

*Claim 3.*

For his third ground, petitioner argues that he was denied the right to appointed counsel during his Rule 37 proceedings. Rule 37 proceedings are post-conviction in nature, Dawan v. Lockhart, 980 F.2d 470 (8th Cir. 1992), and petitioner was not entitled to counsel. Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994), citing Coleman v. Thompson, 501 U.S. 722, 752-53, 111 S.Ct. 2546, 2566 (1991) (no right to counsel in state habeas corpus proceedings); McClesky v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454, 1471 (1991) (no right to counsel in federal habeas corpus proceedings). Hence, petitioner's third claim is wholly without merit.

*Claim 4.*

Petitioner, in his fourth claim, contends that the circuit court violated Rule 37 in failing to hold a hearing or issue written findings of fact. Just as petitioner's first claim, this claim was addressed on the merits by the Arkansas Supreme Court in petitioner's appeal of the court's denial of this Rule 37 motion. For the same reasons previously cited in addressing claim one, petitioner's fourth claim is improperly before this court and without merit. Just as was the case in claim one, petitioner's conclusory arguments have in no way shown that the state court decisions were unreasonable. 28 U.S.C. §2254(d).

### Summary

Thus, the Magistrate Judge finds that petitioner has not made a showing of actual innocence nor allegations tending to show prejudice as a result of a constitutional violation. Furthermore, petitioner has not submitted new reliable evidence demonstrating that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Thus, the Magistrate Judge recommends that claims (1), (2), (3), and (4) be dismissed.

THEREFORE, the Magistrate Judge recommends that petitioner's petition for writ of *habeas corpus* be dismissed with prejudice.

Dated this 30th day of January, 2001.

UNITED STATES MAGISTRATE JUDGE



# United States District Court

EASTERN DISTRICT OF ARKANSAS
U.S. COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 553
LITTLE ROCK, ARKANSAS 72201-3325

JOHN F. FORSTER JR.
UNITED STATES
MAGISTRATE JUDGE

(501) 604-5190
FAX (501) 604-5197

January 30, 2001

Mr. Rickey H. Hicks
Mays, Byrd & Hicks, P.A.
415 Main Street
Little Rock, AR 72201-3801

Re:   Alvin Ray Williams v. Larry Norris
      Case No: 5:99CV00473

Dear Mr. Hicks:

Attached is the recommended disposition of this case, which has been prepared by this office and submitted to United States District Judge Stephen M. Reasoner.

Any party may serve and file written objections to this recommendation. Objections should be specific, and should include the factual or legal basis for the objection. An original and one copy of your objections must be received by the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation, and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mr. Rickey H. Hicks
January 30, 2001
Page Two

---

      Mail your objections and "Statement of Necessity" to:

            Clerk, United States District Court
            Eastern District of Arkansas
            600 W. Capitol Avenue, Suite 402
            Little Rock, Arkansas  72201-3325

                                Very truly yours,

                                John F. Forster, Jr.
                                United States Magistrate Judge

JFFjr:jk
Enclosure
cc:    The Honorable Stephen M. Reasoner, United States District Judge
       Mr. Joseph V. Svoboda, Assistant Attorney General
       File